UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30433
Summary Calendar
_____

In The Matter Of:   JO ANN LACOSTE ULMER,

                                                    Debtor.

DAN C FRISARD,

                                                    Appellant,

   v.

CYNTHIA LEE TRAINA,

                                                    Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-3545-F)
_____

November 26, 1999

Before KING, Chief Judge, and POLITZ and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Appellant Dan Frisard appeals the district court's affirmance of a turnover order issued by the bankruptcy court pursuant to 11 U.S.C. §542.  We affirm.

                                        I.

     In 1990, Appellant Dan Frisard executed a lien on real

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property in Covington, Louisiana that belonged to Jo Ann Ulmer ("debtor") and Jerry Autin (the debtor's ex-husband). Frisard purchased the property at the subsequent judicial sale. In May, 1998, however, Appellee Cynthia Traina, trustee of debtor's bankruptcy estate ("trustee"), obtained from the 22nd Judicial District Court for the Parish of St. Tammany a judgment nullifying the 1990 sale in favor of Frisard. Frisard's appeal from the state court's judgment was devolutive. Consequently, the bankruptcy estate was vested with the debtor's interest in the property as of the judgment date.

On September 10, 1998, the trustee filed a Motion for Turnover of Estate Property. Frisard had controlled the property for several years, and, according to the trustee, the tenants occupying the property requested "an order of the court to protect themselves from Frisard's claims." Meanwhile, on September 15, the 22nd Judicial District Court granted Frisard's Petition for Executory Process and issued a writ of seizure against debtor's property. The Sheriff of the Parish of St. Tammany seized the property on October 14.[1] On October 22, the bankruptcy court granted the trustee's motion for a turnover order, declaring debtor's property to be property of the bankruptcy estate and directing the tenants to deliver possession

---

[1]On December 30, 1998, the state court ruled that Frisard's Petition for Executory Process was procedurally defective and insufficient to support the issuance of the writ of seizure. The court therefore vacated the writ, enjoined the Sheriff from proceeding with the judicial sale and declared Frisard's lien prescribed.

of the property to the trustee.  The United States District Court

for the Eastern District of Louisiana affirmed the bankruptcy

court's order, and Frisard now appeals.

II.

We review the bankruptcy court's conclusions of law de novo,

but findings of fact will not be set aside unless clearly

erroneous.  See Matter of Haber Oil Co., 12 F.3d 426, 434 (5th

Cir. 1994).  Although the court of appeals benefits from the

district court's consideration of the matter, the amount of

persuasive force to be assigned the district court's conclusion

is entirely a matter of discretion with the court of appeals.

Matter of Briscoe Enters., Ltd., II, 994 F.2d 1160, 1163 (5th

Cir.), cert. denied, 510 U.S. 992 (1993).

Frisard asserts that the district court erred in failing to

find the bankruptcy court's turnover order procedurally and

substantively flawed.  We address each contention in turn.

A.  Procedural Error

In the lower court, Frisard contended that the turnover

order was procedurally defective because it was granted based on

contested motion pleadings rather than a full adversary

proceeding.  The district court, quoting Matter of Haber Oil,

Co., 12 F.3d at 440, noted that "waiver of an adversary

proceeding is possible and permissible if 'the parties are

apprised of and have a chance to address all the issues being

decided.'"  The court concluded that Frisard had waived any

objection because he had notice of the trustee's motion and

3

failed to object until after the motion was granted.  Further, the court noted that Frisard had been granted a hearing where he was given the opportunity to address the issues.  We agree with the district court's analysis.

Frisard, however, counters with two arguments.  First, he argues that he did, in fact, object.  What he objected to, though, was conducting a turnover proceeding without an oral hearing.[2]  Frisard was subsequently granted a hearing.  At no time during this hearing did he object to treating the trustee's motion as a contested matter, rather than as a matter requiring a full adversary proceeding.

Second, Frisard argues that interested parties were absent from the hearing and thus did not waive their objections to the trustee's motion.  Specifically, he contends that the sheriff who seized the property before the hearing was in "constructive possession" of the mortgaged land and therefore should have been present.  Frisard also maintains that the tenants who were ordered to turn the property over to the trustee should have attended the hearing.  The answer to Frisard's claim regarding the sheriff is that whatever the truth of the proposition he is asserting, no harm has occurred because the sheriff's seizure was subsequently vacated.  Moreover, the tenants had no claim against

---

[2]In his informal memorandum in opposition to the trustee's motion, Frisard stated that, "under Local Court Rules (Rule 9013-1(D)), does not appear [sic] as a motion which can be heard Ex Parte without a hearing."  In his formal memorandum, Frisard repeats this argument and adds that the motion "was not filed as a contested or adversary matter ...."

4

the property and, in fact, had agreed to vacate before the turnover order was issued.

B.   Substantive Error

Frisard posits a series of arguments alleging substantive error in the bankruptcy court's turnover order: (1) the trustee of debtor's second bankruptcy estate abandoned this property, and, therefore, it cannot be reclaimed by the trustee of debtor's fourth bankruptcy; (2) the bankruptcy court had no jurisdiction to "adjudicate conflicting claims to [the] property" or "determine State created property rights"; (3) the state court judgment nullifying the judicial sale to Frisard did not give the bankruptcy estate possession of the property; and (4) the turnover order interferes with Frisard's post-discharge foreclosure on the property.  We find these arguments unpersuasive.  Frisard asserted the same contentions below, and, because we agree with the district court's well-reasoned conclusions, we find it unnecessary to revisit these issues.


III.

For the foregoing reasons, we AFFIRM.